Nathan B. LESLIE, Petitioner–Appellant,

v.

Joseph L. McGRATH, Warden, Respondent–Appellee.

No. 05–17391.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2007.

Filed March 1, 2007.

---

566

Mark Shenfield, Esq., San Francisco, CA, for Petitioner–Appellant.

Pamela K. Critchfield, Esq., AGCA— Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: B. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

## MEMORANDUM *

Nathan Leslie appeals the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition and his motion to alter or amend judgment. The appeal from the order denying the habeas petition was untimely, so we review only the denial of the motion to alter or amend judgment, as previously held in our Order filed April 12, 2006. Because the motion to alter or amend judgment was untimely, under Rule 59(e), we construe it as one seeking relief under Rule 60(b). *Straw v. Bowen,* 866 F.2d 1167, 1171 (9th Cir.1989).

Leslie argues that in denying his motion, the district court failed to correct a due process violation and thereby abused its discretion. He argues that his due process

rights were compromised when the prosecution failed to correct the allegedly false testimony of Sergeant Cruz at trial and when it referred to that same testimony during closing argument. We disagree.

As to the first issue, we note that Leslie did not raise it in his Rule 59(e) motion and thus has waived the argument on appeal. *See United States v. Smith,* 424 F.3d 992, 1015 (9th Cir.2005). Even were it properly before us, however, Leslie had to demonstrate that Cruz's testimony was actually false in order to prove that the prosecution shirked its duty to correct the testimony. *See United States v. Zuno-Arce,* 339 F.3d 886, 889 (9th Cir.2003). However, Leslie cited nothing more than a sentence in Cruz's police investigation report—wherein Cruz documented his own unsworn account of an interview with the hearsay declarant—to support this claim. The report does not prove that Cruz's testimony was false. A general inconsistency between the testimonial and documentary evidence related to Cruz does not suffice to establish the falsehood of either piece of evidence. *See, e.g., United States v. Wolf,* 813 F.2d 970, 976–977 (9th Cir. 1987).

Accordingly, it was appropriate for the prosecution to refer to Cruz's testimony during its closing argument. *See United States v. Blueford,* 312 F.3d 962, 969 (9th Cir.2002) (holding that it is within the bounds of fair advocacy for a prosecutor to ask the jury to draw inferences from the evidence that the prosecutor believes in good faith might be true). Moreover, we conclude that the prosecutor's characterization of Cruz's testimony did not "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). The jury was instructed that closing arguments are not evidence and received a read back of the relevant testimony after closing statements. The prosecutor's conduct, or lack thereof, did not constitute a violation of Leslie's due process rights.

Because there were no due process violations for the district court to reconsider, there were no grounds to alter or amend judgment. As such, the district court did not abuse its discretion in denying Leslie's Rule 59(e) motion.

**AFFIRMED.**